**United States Bankruptcy Court**
**Eastern District of New York**

| | | | |
|---|---|---|---|
| In re | **Glenroy Paul** | Case No. | **1-13-44918** |
| | Debtor(s) | Chapter | **13** |

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S) - AMENDED

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **4,500.00** |
   | Prior to the filing of this statement I have received | $ **4,500.00** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. [Other provisions as needed]
   **Services necessary and/or desirable with respect to above matters, including the following:**

   **A. Preparation of all documents specifically, a Chapter 13 petition and all bankruptcy related documents, but not to include the commencement of any Adversary Proceedings(s) or the defense of any Adversary Proceeding(s) objecting to the discharge and/or dischargeability of any debt(s) pursuant to Bankruptcy Code §§ 523 and 727. As set forth hereinbelow, any such proceeding will require a new retainer and a new retainer agreement. By signing this agreement, you memorialize your understanding that without mutually acceptable arrangements, we will not interpose a responsive pleading or otherwise appear with respect to any such proceeding to bar discharge or contest dischargeability.**

   **B. Preparation for meetings and hearings, other than those associated with the defense of any Adversary Proceeding(s) objecting to the discharge and/or dischargeability of any debt(s) pursuant to Bankruptcy Code §§ 523 and 727.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **The following services are expressly not included pursuant to this retainer agreement and will require a new retainer payment and a new retainer agreement:**

   **A. A Motion seeking relief from the Automatic Stay or a Motion to Dismiss based upon Client's failure to comply with his/her obligations as a Chapter 13 Debtor.**

   **B. Amendments to Client's Schedules of Assets and Liabilities and/or Statement of Financial Affairs.**

   **C. The prosecution or defense of a Motion to Dismiss made by Chapter 13 Trustee or creditor for non-payment by Client of any amounts required under the Bankruptcy Code or Adversary Proceeding(s), including any proceeding to recover money or property; a proceeding to determine the validity, priority or extent of a lien or other interest in property; a proceeding to obtain approval for sale of the interest of the estate and co-owner in property; a proceeding to determine the dischargeability of a debt; a proceeding to obtain an injunction or other equitable relief; a proceeding to subordinate any allowed claim or interest; a proceeding to obtain a declaratory judgment; a proceeding to determine a claim or cause of action removed.**

   **D. The defense of any claims asserted by the Trustee, the Office of the U.S. Trustee, or any other party in interest for non-exempt assets or the Debtor, including but not limited to avoidable transfers, preferential payments, and**

In re **Glenroy Paul**  Case No. **1-13-44918**
Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S) - AMENDED
(Continuation Sheet)

**turnover of non-exempt equity in a residence or vehicle.**

**E. The assistance in a Debtor audit of Client pursuant to §603 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 conducted by the United States Trustee.**

**F. Assisting Client with the Loss Mitigation Program established with the Bankruptcy Courts or any other mortgage modification programs through or outside the Bankruptcy Court. In the event that Client desires to pursue a Loss Mitigation Program, an additional retainer of $1,500 will be required prior to the filing of the Chapter 13 Petition.**

**G. The Firm's services will terminate upon conversion of the Chapter 13 Proceeding to any other Chapter under the Bankruptcy Code or upon dismissal of the Chapter 13 Proceeding.**

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **September 4, 2013**

**/s/ ARLENE GORDON-OLIVER, ESQ.**
**ARLENE GORDON-OLIVER, ESQ.**
**Arlene Gordon-Oliver, P.C.**
**199 Main Street, Suite 203**
**White Plains, NY 10601**
**(914) 683-9750   Fax: (914) 683-9754**
**ago@gordonoliverlaw.com**